NO. 07-11-00115-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
APRIL 26, 2011
--------------------------------------------------------------------------------

 
 NICOLE C. FERGUSON, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;
 
 NO. 3701; HONORABLE DAN MIKE BIRD, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 ORDER OF ABATEMENT AND REMAND

Appellant, Nicole C. Ferguson, appeals the trial court's judgment adjudicating guilt for the offense of felony possession of marijuana. The clerk's record contains a certification of appellant's right of appeal which was not signed by appellant. 
Effective September 1, 2007, Rule of Appellate Procedure 25.2(d) was amended to require certifications executed after the effective date to be signed by the appellant and a copy served on him. Tex. R. App. P. 25.2(d); Mason v. State, No. 07-07-0383-CR, 2008 Tex. App. Lexis 3956 (Tex.App.--Amarillo May 29, 2008) (per curiam order, not designated for publication). Consequently, we abate the appeal and remand the cause to the 100th District Court of Carson County for further proceedings. On remand, the trial court shall utilize whatever means it finds necessary to secure and file with this court a certificate of right to appeal that complies with Rule 25.2(d). Tex. R. App. P. 25.2(d).
If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, as well as a conforming certificate of appellant's right of appeal to be included in a supplemental clerk's record. If the trial court conducts a hearing in the matter, it shall be stenographically recorded and the transcription included in a supplemental reporter's record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the clerk of this court by May 26, 2010.
It is so ordered.
Per Curiam

Do not publish.